IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                                                                           NO. 1:14CR000125-M-S

JOHN DAVIS                                                                         DEFENDANT

**ORDER**

Came on this day the *Motion for Summary Judgment* [190] brought by the United States in response to the Defendant, John Davis's *Motion to Return Property* [264], and the Court having reviewed the pleadings, relevant authorities and evidence, is now prepared to rule.

**Factual and Procedural History**

The action before this Court began as a criminal prosecution whereby John Davis's home had a search warrant executed upon it on October 29th, 2014. A lump sum of cash money totaling $12,020.00 was seized. The search warrant was executed by law enforcement officers of the U.S. Drug Enforcement Administration (DEA), the Mississippi Bureau of Narcotics (MBN), and the Attala County, Mississippi Sheriff's Office. Davis was present when the warrant was executed and the property was seized.

The basis for the initiation of forfeiture proceedings was that the currency was believed to be either the proceeds of the exchange of illegal drugs, or property that was used or intended to be used to facilitate the exchange of illegal drugs and was, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6)1. The currency at issue was forfeited to the United States on or about March 19, 2015, via a Declaration of Forfeiture.

Mr. Davis filed a pro se "Motion to Return Property" on May 31, 2016. The motion claims as its central argument that Davis was not given any notice regarding the forfeiture of his

1

property. While Davis claims that he was not given notice with regards to the forfeiture, Vicki Rashid of the DEA Forfeiture Counsel filed an affidavit on September 9, 2016 affirming that Mr. Davis's property was seized in accordance with forfeiture protocol of the DEA, and that actual and written notice was provided to Davis.

## Rule 56 Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

## Discussion

The government assents that due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." *U.S. v. Robinson*, 434 F. 3d 357, at

362 (5th Cir. 2005). Actual notice is not the standard to determine whether or not due process requirements have been met, and the Government is not required to undertake "heroic efforts" to provide notice. *Taylor v. U.S.* 483 F. 3d 385, 388 (5th Cir. 2007), citing (*Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)).

On December 9, 2014, pursuant to 19 United States Code (U.S.C.) § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to John Davis, 2750 Attala Road 4121, Sallis, MS 39160 (Exhibit 1). Mr. Davis's signature is located on the certified mail signature card, and Mr. Davis was given actual notice by his presence during the execution of the search warrant and asset forfeiture. Pursuant to 28 Code of Federal Regulations (C.F.R.) § 8.9(a), the DEA posted notice of the seizure of the property on Forfeiture.gov, an official internet government forfeiture website, for a period of 30 consecutive days beginning on December 22, 2014, and ending on January 20, 2015 (Exhibit 5).

The internet posting and mailed notices explained the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. Pursuant to 18 U.S.C. § 983(a), the mailed notices stated that the deadline to file a claim was January 13, 2015. If the mailed notice was not received, the internet posting stated that the deadline to file a claim was February 20, 2015. In addition, the internet posting and mailed notices explained the option of filing a petition for remission or mitigation of forfeiture. There having been no properly executed claim received, and the time limit for filing the claim having expired, the DEA forfeited the $12,020.00 U.S. Currency to the United States on March 19, 2015. (Exhibit 9).

The DEA's efforts to provide notice of the forfeiture proceeding to Davis comply with

3

due process requirements, as they were reasonably calculated to apprise Davis of the pendency of the forfeiture action and they afforded Davis an opportunity to present his objections. In fact, Davis received actual notice of the seizure and pending forfeiture proceeding against the seized funds as evidenced by his signature on the Certified Mail Receipt. (See Exhibits 1 and 2 to Rashid Affidavit).

### Conclusion

The DEA complied with the statutory notice requirements and the constitutional due process requirements in providing Davis with notice of the forfeiture proceedings. Davis in fact received actual notice of the forfeiture proceedings. Based on the foregoing legal authority and discussion, the motion for summary judgment should be granted.

Accordingly, it is hereby ORDERED that the United States *Motion for Summary Judgment* [190] is GRANTED and the *Motion to Return Property* [264] is DENIED.

SO ORDERED, this the 19th day of September, 2017.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**