# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOHN DAVIS,**     **MOVANT**

**v.**     **No. 1:14CR125-MPM-DAS**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion [272] of John Davis to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

On October 23, 2014, a Federal Grand Jury in the Northern District of Mississippi indicted Davis for conspiracy to distribute cocaine base and aiding and abetting possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and 18 U.S.C. § 2. Doc. 21. Investigators executed a search warrant at Davis' residence on October 21, 2014, and three firearms were recovered: a Ruger, Model 03313, 9mm handgun; a High-Point, Model 995, 9mm handgun, and a Marlin, Model 60, .22 caliber semi-automatic rifle. PSR. 13. Additionally, investigators seized $12,020, 2 cell phones, one pound of marijuana, and 6 vehicles. PSR. 13.

Davis plead guilty to aiding and abetting possession and distribution of at least 280 grams of cocaine base. Doc. 158 Pgs. 7, 15. During the October 29, 2015, sentencing hearing, the Court asked defense counsel if he had reviewed the presentence report and if there were any objections. Doc. 257. Pg 3. Counsel stated that he had reviewed the presentence report and had no objections. Doc. 257. Pg 3. The court also asked the Davis if there was anything he would like to state for the record. He stated, "I messed up. I'd like to have one more chance" Doc. 257. pg. 3. The Court adopted the presentence report without alteration. Doc. 257. Pg 4.

According to United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 2014), Davis had a base offense level of 30. PSR. 22. Two points were added to Davis' offense level for possession of firearms. PSR. 23. The application note to Guidelines Manual § 2D1.1(b)(1) states "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) note 11(A). Davis received -3 points for acceptance of responsibility and his ultimate offense level was determined to be 29. PSR. 29, 30.

The presentence investigation report set Davis' Sentencing Guidelines range at 87 to 108 months, which was based on an Offense Level of 29 and a criminal history category I. Doc. 257. Pg 4. At sentencing, the court departed from the low end of the Guidelines downward by 27 months and sentenced Davis to 60 months incarceration. Doc. 257. Pg. 6. On September 13, 2016, Davis filed a Motion for Summary Judgment which was denied. Doc. 271. Following the Motion for Summary Judgment Davis filed the present Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence citing ineffective assistance of counsel. Doc. 272. In his motion, Mr. Davis sets forth two grounds for relief, but the grounds are simply two ways of stating a single ground: that counsel was ineffective because he failed to challenge a 2-point enhancement for possession of a firearm under USSG § 2D1.1(b)(1) in relation to a drug distribution offense. As set forth below, this ground for relief is wholly without merit as it is squarely contradicted in the record.

## Ineffective Assistance of Counsel

Mr. Davis argues that counsel was ineffective because he failed to challenge a 2-point enhancement for possession of a firearm under USSG § 2D1.1(b)(1) in relation to a drug distribution offense. The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient, and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v.*

*Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

Mr. Davis argues that USSG § 2D1.1(b)(1), should not be applied to his offense level because it is "prejudicial to the defendant." Doc. 272 pg. 5. He specifically argues that the firearms at issue were not near enough in space or time to support the enhancement. Under the 2014 United States Sentencing Guidelines § 2D1.1(b)(1), if the defendant possessed a dangerous weapon including a firearm, the base offense level should be increased by two levels. PSR. 23. On October 21, 2014, a search warrant was conducted of Davis' residence and the following firearms were seized; a Ruger, Model 03313, 9mm handgun; a High-Point, Model 995, 9mm handgun, and a Marlin, Model 60, .22 caliber semi-automatic rifle. PSR. 13. Investigators also recovered $12,020, 2 cell phones, one pound of marijuana, and 6 vehicles. PSR. 13. Thus, the firearms, cell phones, large amounts of cash, various vehicles, and a pound of marijuana – all of which are often related to the crime of drug trafficking – were found at Mr. Davis' residence at the time of the search of his home and his arrest.

Davis puts forth no rational reason that the two-point enhancement for possession of firearms in relation to a drug trafficking crime would not apply. He states only that doing so is "prejudicial to the defendant." As set forth above, the record clearly establishes that Davis possessed firearms while committing a drug trafficking offense, and Davis' counsel had no basis to argue otherwise at sentencing. Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990). *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.") Therefore, defense counsel's representation did not fall below an objective standard of reasonableness, and Mr. Davis' motion [272] to vacate, set aside, or correct his sentence must therefore be dismissed for want of substantive merit.

## Conclusion

In sum, the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is wholly without merit and will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 15th day of May, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**